Dear Senator Ellington:
You have requested an opinion of this office as to the legality of CLECO Power, L.L.C. (CLECO) posting "no trespassing" signs in a part of the bed of Bayou Mount, which is claimed by the State Land Office as the bed and bottom of an historically navigable waterway, and where CLECO is the riparian owner of both sides of the waterway.
First, the question of whether a waterway is navigable is fact sensitive, and for purposes of this opinion the determination of the State Land Office, based on their examination of the historical documents, is assumed to be correct. Certainly, this determination is subject to court challenge.
Next, we must examine this issue in the context of Louisiana's admission as a state where Congress granted admission, subject to certain provisions. Provision one states "Provided that it shall be taken as a condition upon which the said state is incorporated in the Union, that the river Mississippi, and the navigable rivers and waters leading into the same, and into the Gulf of Mexico, shall be common highways, and for ever free, as well to the inhabitants of the said state as to the inhabitants of other states and the territories of the United States, without any tax, duty, impost or toll therefore, imposed by the said state; and that the above condition . . . shall be considered, deemed and taken [one of the] fundamental conditions and terms, upon which the said state is incorporated in the Union." Twelfth Congress. Sess. 1. Ch. 50 (1812).
Article 9 Section 3 of the Louisiana Constitution of 1974 provides that "The Legislature shall neither alienate nor authorize the alienation of the bed of a navigable water body, except for purposes of reclamation by the riparian owner to recover land lost through erosion.
The landmark case on this subject, Gulf Oil Corp. vs. State MineralBoard, 317 So.2d 576 (1974) analyzes the law and states in summary that the beds of navigable waters are owned by the state in its sovereign capacity and cannot be alienated by the state. See also: AG Op. Nos. 96-257, 98-89 and 01-293.
In summary, CLECO may not post "no trespassing" signs in the bed of a navigable waterway because the bed and bottom of a navigable waterway are owned the state in its sovereign capacity and access may not be denied by the adjoining riparian owner.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ CHARLES F. PERRY Assistant Attorney General
RPI/CFP/tp